**James BUSH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25670.**

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1971.

James Bush, in pro. per.

Sidney I. Lezak, U. S. Atty., Joseph E. Buley, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLEY, ELY, and WRIGHT, Circuit Judges.

PER CURIAM:

Bush appeals from the denial of his petition, under 28 U.S.C. § 2255, attacking a fifteen-year sentence imposed in 1963 for a second conviction for illegal sale of narcotics. He alleges that his conviction resulted from illegal evidence obtained through electronic eavesdropping by federal agents. The eavesdropping was of a telephone conversation between Bush and a government informant, for which the informant had given consent. We affirm.

Bush relies primarily upon Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Such reliance is misplaced for *Katz* is not to be applied retroactively. Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Lopez v. United States, 409 F.2d 1351 (9th Cir. 1969). We recognize that the law pertaining to electronic eavesdropping may undergo some change as a result of the Supreme Court's pending decision in United States v. White, 405 F.2d 838 (9th Cir.), cert. granted, 394 U.S. 957, 89 S.Ct.

**642**

1305, 22 L.Ed.2d 559 (1969), *restored for reargument*, 396 U.S. 1035, 90 S.Ct. 677, 24 L.Ed.2d 679 (1970).[1] But as the law now stands, Bush's conviction and sentence are valid. Should the Supreme Court's decision in *White* operate in Bush's favor, he could, of course, institute a new proceeding under § 2255.

Affirmed.

---

1. *White* was reargued before the Supreme Court on October 20, 1970.